WEIR GREENBLATT PIERCE LLP
*A Pennsylvania Limited Liability Partnership*
By:  Richard P. Coe, Jr., Esq. (RC7116)
       (ID No. 029591987)
35 Kings Highway East
Haddonfield, NJ  08033
(856) 740-1490
(856) 740-1491 (fax)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC SUBSEA, INC. | : |
| 108 Ferry Road | : |
| Bridgeport, New Jersey 08014 | : DOCKET NO.: |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| NORTHERN DIVERS USA, INC. and | : |
| FRANK FROSOLONE | : |
| 10404 Fox Bluff Lane | : **COMPLAINT** |
| Spring Grove, Illinois 60081 | : |
| | : |
| Defendants. | : |
| | : |

Plaintiff, by way of Complaint against Defendants, says:

<u>PARTIES</u>

1.      Plaintiff, Atlantic Subsea, Inc. ("ASI"), is a New Jersey corporation with its

principal place of business located at 108 Ferry Road, Bridgeport, New Jersey 08014.

2.      Defendant, Northern Divers USA, Inc. ("Northern Divers"), is an Illinois

corporation with its principal place of business located at 10404 Fox Bluff Lane, Spring Grove,

Illinois 60081.

3.      Defendant, Frank Frosolone ("Frosolone"), is an adult individual who resides at

10404 Fox Bluff Lane, Spring Grove, Illinois 60081.

4.      Frosolone is the principal and president of Northern Divers, and personally participated in the acts complained of herein.

5.      Northern Divers and Frosolone collectively shall be referred to as the "Defendants".

<u>JURISDICTION AND VENUE</u>

6.      Diversity jurisdiction over this matter exists under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and plaintiff's citizenship is different from that of all defendants.

7.      Venue is appropriate in this District under 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claim occurred within this District.

8.      Additionally, Northern Divers agreed in its contract to jurisdiction and venue in a county in which ASI resides, or work is performed, or any adjacent county.  All such counties are within this District.

<u>BACKGROUND</u>

9.      Since 1995, ASI has been providing diving and associated marine services to Public Service Enterprise Group ("PSEG"), a public utility, at PSEG's Salem and Hope Creek electric generating stations.  Part of these services have included the routine cleaning of water *discharge* lines using standard, non-proprietary industry methods and equipment used for many decades.

10.      In 2015, as part of routine work on a discharge line at the Salem generating station, PSEG asked ASI to consult with Northern Divers as Northern Divers claimed to have applied for a patent for a proprietary technique to clear pipes that involved special pipe

attachments, additives, and bubblers. Details of the patent application were not disclosed to ASI or PSEG.

11.    In executing the work in 2015, ASI utilized standard pumps, manifolds and methodologies.  Northern Divers provided no equipment, attachments, connections, fittings or other materials in executing the work.

12.    Northern Divers only contribution to the 2015 operation was input on pump layout, which is not a patented or proprietary method.  The entire operation was fitted, performed and executed by ASI's crew and supervisors.

13.    The principal of Northern Divers only observed a few days of the 2015 operation. The entire operation was a standard one utilizing commonly known, independently developed, non-proprietary methodologies.

14.    For the 2015 operation, Northern Divers was paid a handsome fee of $100,000.00 for providing limited input on pump layout, based on Northern Divers' misrepresentation that such activity was part of its proprietary method and subject to the patent application.  The actual pump layout used was provided by ASI's pump vendor, not Northern Divers.

15.    Again in 2017, the Salem generating station discharge line was found to be clogged, and PSEG requested ASI to repeat the same operation as performed in 2015.

16.    Since PSEG previously asked ASI to consult with Northern Divers, ASI invited Northern Divers to witness the operations.  On May 19, 2017, the parties executed a "Contract" for Northern Divers' "work", a true copy of which is attached hereto as Exhibit A.

17.    As in 2015, ASI executed the entire 2017 work using standard methodologies, ASI barges, ASI personnel, and standard industry pumps.  Northern Divers provided no equipment or components for the work and provided nothing of value for the same.

18.     Indeed, ASI cleared the discharge pipe in the same manner utilized by ASI for almost 30 years at many jobs, including 26 years at Salem, prior to any involvement by Northern Divers.  The entire operation was a standard one utilizing commonly known, independently developed, non-proprietary methodologies.

19.     Once again, Northern Divers was paid a fee of $100,000 for essentially watching ASI do its work, The cycle repeated itself again in late 2018/early 2019 with the payment of another $100,000.00, based on Northern Divers' misrepresentation that such activity was part of its proprietary method and subject to the patent.

20.     In November of 2021, PSEG again asked ASI to clear the Salem discharge line.

21.     In connection with this work, Northern Divers demanded that ASI enter into an agreement to pay fees to Northern Divers.  Since Northern Divers contributed nothing of value to the previous operations, ASI investigated Northern Divers' patent and learned that Northern Divers had misled both PSEG and ASI into believing that the previous operations had come under the purview of the patent. A true copy of the patent is attached hereto as Exhibit B.

22.     A comparison of the Northern Divers' patent and ASI's operations for PSEG demonstrate that the work performed at PSEG does not fall within the scope of the patent:

| Patent | Work Performed at PSEG |
| --- | --- |
| Patent is for "*Intake* Pipe Cleaning System and Method" | PSEG work was on independent *discharge* pipe |
| Cleaning is done with "*reverse* flow"-- waterflow against natural flow | Water flushed out using standard pumps in the *same direction as flow* |
| Attachments, bubblers and additives in patent | No attachments, bubblers or additives |
| Variety of water pumps | Standard industry rental pumps |
| Proprietary turbulence flanges | No special flanges |
| Forced air with compressors | No forced air or compressors used |
| Flow directing attachment | No attachments |

23.     Indeed, a key feature of Northern Divers' methodology is the creation of a "reverse flow in pipe", whereas Atlantic Subsea has employed standard flushing in the same direction of flow with commonly known, independently developed, and non-proprietary methodologies and equipment.

24.     ASI refused Northern Divers' demand for further fees.

25.     Indeed, Northern Divers obtained substantial monies from ASI (and a public utility) through misrepresentation of the scope of the patent.

26.     Northern Divers has weaponized its patent by demanding exorbitant fees for doing anything with a pipe, no matter how far afield from the terms of its patent.

27.     Frosolone personally participated in the misrepresentations concerning the patent in order to obtain substantial fees from ASI, while performing virtually no work and adding nothing of value for ASI and PSEG.

COUNT ONE

FRAUD

28.     ASI incorporates by reference the allegations of the preceding paragraphs as if set forth at length herein.

29.     Defendants represented that the work performed at the PSEG facility came within the terms of its patented methodology in order to obtain substantial fees from ASI and ASI's customer, PSEG, a public utility.

30.     Defendants' representation was false as all of the work was performed on a *discharge* line utilizing commonly known, independently developed, non-proprietary methodologies and equipment.

31.     Defendants' misrepresentations were made with knowledge of their falsity and with the intention that ASI and its customer PSEG rely thereon.

32.     ASI justifiably relied on Defendants' misrepresentations to its detriment, paying exorbitant fees for nothing of value in return.

33.     As a direct and proximate result of Defendants' fraud, ASI has suffered substantial damages, and is entitled to repayment of all fees paid to Northern Divers.

34.     Defendants' conduct was willful and wanton and justifies the award of punitive damages.

WHEREFORE, ASI demands judgment against Defendants for compensatory and punitive damages, together with an award of attorneys' fees, costs, and such further relief as the Court deems appropriate.

COUNT TWO

BREACH OF CONTRACT

35.     ASI incorporates by reference the allegations of the preceding paragraphs as if set forth at length herein.

36.     Northern Divers failed to provide patented and proprietary services as represented to ASI.

37.     Northern Divers' failure to provide services as represented constitutes a breach of its contract with ASI.

38.     As a direct and proximate result of Northern Divers' breach of contract, ASI has suffered substantial damages.

WHEREFORE, ASI demands judgment against Defendants for damages, together with an award of attorneys' fees, costs, and such further relief as the Court deems appropriate.

COUNT THREE

BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

39.     ASI incorporates by reference the allegations of the preceding paragraphs as if set forth at length herein.

40.     In every contract there exists an implied covenant of good faith and fair dealing that neither party will do anything that injures the right of the other to receive the benefits of the agreement.

41.     By reason of Northern Divers' misrepresentations and failure to perform patented methodologies for the work at the PSEG facility, Northern Divers defeated the purpose of the contract and breached the implied covenant of good faith and fair dealing.

42.     As a proximate result of Northern Divers' breach of the covenant of good faith and fair dealing, ASI has suffered substantial damages.

WHEREFORE, ASI demands judgment against Defendants for damages, together with an award of attorneys' fees, costs, and such further relief as the Court deems appropriate.

COUNT FOUR

UNJUST ENRICHMENT

43.     ASI incorporates by reference the allegations of the preceding paragraphs as if set forth at length herein.

44.     Northern Divers has been unjustly enriched at ASI's expense through its misrepresentations and failure to provide anything of value for the PSEG project.

45.     As a direct and proximate result thereof, ASI has suffered substantial damages.

WHEREFORE, ASI demands judgment against Defendants for damages, together with an award of attorneys' fees, costs, and such further relief as the Court deems appropriate.

COUNT FIVE

DECLARATORY JUDGMENT

46.     ASI incorporates by reference the allegations of the preceding paragraphs as if set forth at length herein.

47.     There presently exists a substantial and actual controversy between the parties with adverse interests concerning their respective rights and relationship with each other, such that relief under the Declaratory Judgments Act, 28 U.S.C. §2201, is appropriate.

48.     ASI requests a declaration that its work for PSEG had not infringed on any patent or proprietary information of the Defendants, and that its work on the discharge line has utilized commonly known, independently developed, non-proprietary methodologies and equipment.

WHEREFORE, ASI demands judgment against Defendants for declaratory relief, together with an award of attorneys' fees, costs, and such further relief as the Court deems appropriate.


                                        WEIR GREENBLATT PIERCE LLP
                                        A Pennsylvania Limited Liability Partnership

                                        _s/Richard P. Coe, Jr._
                                        Richard P. Coe, Jr., Esquire
                                        Attorney ID # 029591987
                                        Attorney for Plaintiff

Dated:  January 13, 2023